259 Md. 474 (1970)
270 A.2d 465
BALLIET
v.
THE BALTIMORE COUNTY BAR ASSOCIATION
[No. 25, September Term, 1970.]
Court of Appeals of Maryland.
Decided November 10, 1970.
The cause was argued before HAMMOND, C.J., and BARNES, FINAN, SINGLEY, SMITH and DIGGES, JJ.
Thomas C. Balliet in proper person.
*475 Randolph N. Blair, with whom was Allen E. Buzzell on the brief, for appellee.
DIGGES, J., delivered the opinion of the Court.
On December 23, 1968 Thomas C. Balliet, a practicing attorney, was tried in the Circuit Court for Baltimore County and convicted of larceny after trust (Md. Code, Art. 27, § 353) for converting a client's funds to his own use. He was sentenced to a three year prison term, but on March 28, 1969, the unserved portion of his sentence was suspended upon the condition that he stay within the State and make full restitution. At the same time, though it does not appear on the docket entries, the trial court (Maguire, J.) prohibited Balliet from practicing law while he remained on probation.
On July 2, 1969 The Baltimore County Bar Association filed a petition for disciplinary action against Balliet pursuant to Md. Code (1957, 1968 Repl. Vol.) Art. 10, § 13 and Md. Rule BV3. On the same day the appellant was directed by order of court to answer this petition by July 22, but when it proved impossible to serve him, the court renewed its order on October 21, directing him to answer by November 18. This time Balliet was served and he responded on November 25 with a motion raising preliminary objections, contending that the court lacked jurisdiction over the subject matter of the proceedings and that any question of disciplinary action had become res judicata once Judge Maguire had "suspended" him from the practice of law. A hearing before a three judge panel, in accordance with Rule BV4 c, was set for December 10, but for unclear reasons Balliet did not receive timely notice of this hearing date. Unaware that the appellant was excusably absent, the court proceeded ex parte to receive the record of his conviction into evidence, Rule BV4 f 1, and upon determining that larceny after trust was a crime involving moral turpitude, the panel signed an order providing for Balliet's disbarment. Md. Code, Art. 10, § 16. Balliet promptly filed a motion for rehearing, *476 which was granted, although the court refused to rescind the December disbarment order. On January 12 the appellant appeared before the panel and was given an opportunity to present any evidence or legal arguments in his behalf. Unable to persuade the panel to rescind its previous order he now brings this appeal.
In addition to res judicata and lack of jurisdiction, Balliet claims on appeal that the charges against him were not prosecuted within sixty days from the date the petition was filed as required by Sections 12 and 13 of Art. 10 of the Md. Code. He also claims that he was not given a proper hearing under Rule BV4 e, and that on rehearing he should have been granted a continuance to enable him to employ an attorney and adequately prepare his defense. These contentions are so completely without merit they can be disposed of in a few brief paragraphs.
Balliet was granted a rehearing and was given an opportunity to present any evidence or legal arguments in his behalf on January 12. He became aware of the disciplinary petition in November and thus he had been given sufficient time to obtain the services of an attorney to prepare his case. As Rule BV4 f 1 provides that "an attorney's final judgment of conviction by a judicial tribunal of a crime shall be conclusive proof of the guilt of the attorney of such crime," we perceive no need for a de novo hearing for the mere purpose of re-introducing the undisputed record of his conviction into evidence. Since all of the appellant's arguments were legal rather than factual in nature, he was in effect granted a continuance when the panel allowed him twenty days after January 12 in which to file an additional memorandum, as authorized by Rule BV4 f 2.
Similarly, we reject Balliet's contention that the proceedings did not conform to the time limits set forth in Art. 10, §§ 12 and 13. Those sections indicate that if a judge of any of the several courts of the State
"shall have reasonable ground to believe that any attorney admitted to the practice of law *477 ... is guilty of professional misconduct ... [or] crime involving moral turpitude ... he shall issue an order directed to the bar association and/or State's attorney of the city or county ... requiring said bar association and/or State's attorney to prosecute the charges named in said order on a day specified therein, which day shall not be less than fifteen nor more than sixty days from the date of said order ..." (emphasis added).
Section 13 allows a bar association to initate a similar action but it directs that "such proceedings shall be had as if said charges had been filed by the court and specified in the order directing the prosecution thereof, referred to in § 12 of this article." Assuming that 1) this oblique statutory phraseology imposes a sixty day prosecution time limit on the very same bar association which filed the petition initially, 2) this unique requirement is mandatory rather than directory, and 3) the procedural aspects of both sections have not been superseded by Rules BV4 and 5[1] (where there are no specific time limits) we must nevertheless point out that the prosecution here was begun within the sixty day period. The Bar Association very carefully renewed the order of July 2 when no one could obtain service on Balliet. The renewed order of October 21 directed him to answer by November 18. If the prosecution was not begun by the time he answered the petition on November 25, it certainly had begun on December *478 10, the day on which the order of disbarment was signed. Counting from the October 21 order, these dates occurred well within the sixty day limit. We reject any contention that the accrual date of the statute could have occurred before the October order, for otherwise it would have been necessary to disbar Balliet without notification.
Balliet next contends that by the unwritten condition of his probation, Judge Maguire in fact suspended him from the practice of law pursuant to Rule BV5 a (ii). He thus argues that any question concerning his professional misconduct has been adjudicated and that the three judge panel lacked jurisdiction to consider his disbarment under Rule BV5 a (i). The problem with his argument is that Judge Maguire was without power to suspend him under Rule BV4, which unequivocally requires a three judge panel for the imposition of disciplinary action. Moreover, it must be borne in mind that disciplinary proceedings for professional misconduct are not criminal proceedings. Braverman v. Bar Assn. of Balto., 209 Md. 328, 336, 121 A.2d 473, cert. denied, 352 U.S. 830 (1956). Even if Judge Maguire had the power to impose such a condition of probation, but see Bird v. State, 231 Md. 432, 190 A.2d 804 (1963), this would not prevent the court from investigating alleged misconduct by a member of the bar. It has long been established that criminal proceedings in themselves are not a substitute for an inquiry as to "... whether, after the conduct of this man, it is proper that he should continue a member of a profession which should stand free from all suspicion * * *. It is not by way of punishment; but the court, in such cases, exercise their discretion whether a man whom they have formerly admitted is a proper person to be continued on the roll or not. Ex parte Brownsall, 1778, 2 Cowp. 829, (Lord Mansfield)" quoted in Rheb v. Bar Ass'n of Baltimore, 186 Md. 200, 205, 46 A.2d 289, 291 (1946) and in In Re Meyerson, 190 Md. 671, 59 A.2d 489 (1948). The procedure to be followed for such an inquiry in this State is exclusively regulated by *479 Art. 10, §§ 11 to 26 and subtitle BV of the Rules.[2] Upon a careful review of the record we are convinced that there has been full compliance with these statutes and rules.
An attorney can be guilty of few crimes as reprehensible as appropriating his client's funds to his own use. There is nothing in this case to suggest that there was error or that the ultimate disciplinary action of disbarment was not fully justified.
Order affirmed. Costs to be paid by the appellant.
NOTES
[1] See Twenty-fifth Report of the Court of Appeals of Maryland Standing Committee on Rules, (1965) on the proposed addition of new subtitle BV (Disciplinary Proceedings) "The rule submitted for your consideration is a comprehensive body of rules designed to overcome procedural problems observed in this field in the past. Should the rule merit the approval of the Court, it is suggested by the Committee that the Court's order adopting same should provide that the following sections of Maryland Code, Article 10, are superseded by the new Subtitle: Section 13, Section 14, Section 15, Section 18, Section 21 and Section 22."

The order of July 12, 1965 in which this Court adopted subtitle BV of the Maryland Rules was silent on this point.
[2] Even though not applicable to these proceedings, subtitle BV of the Maryland Rules relating to disciplinary proceedings was substantially amended and changed by order of the Court of Appeals effective November 2, 1970.