# PETITION FOR REINSTATEMENT TO PRACTICE LAW OF MAURICE L. BRAVERMAN

[Misc. Docket (Subtitle BV) No. 7,
September Term, 1973.]

*Decided October 1, 1973.*

The cause was argued before MURPHY, C. J., and BARNES, McWILLIAMS, SINGLEY, SMITH, DIGGES and LEVINE, JJ.

*John F. King,* with whom were *Kalman R. Hettleman, Stanley Mazaroff, C. Christopher Brown* and *Harold P. Dwin* on the brief, for petitioner.

*Norman P. Ramsey* for the Maryland State Bar Association, Inc.

*George L. Russell, Jr.,* for The Bar Association of Baltimore City.

PER CURIAM.

Maurice L. Braverman was admitted to the Maryland Bar on October 7, 1941 and, thereafter, practiced law in

Baltimore City for eleven years. On April 1, 1952, he was convicted in the United States District Court for the District of Maryland of conspiracy to teach and advocate the overthrow of the government by force or violence in violation of § 2 of the Smith Act, 18 U.S.C.A. 2385. He was fined $1,000 and sentenced to imprisonment for three years. On appeal, his conviction was affirmed. *Frankfeld v. United States*, 198 F. 2d 679 (4th Cir., 1952) cert. den. 344 U. S. 922 (1952). As the result of a petition filed by the Bar Association of Baltimore City, Braverman was disbarred from the further practice of law by order of the Supreme Bench of Baltimore City dated June 28, 1955. On appeal, we affirmed the order of disbarment. *Braverman v. Bar Association of Baltimore City*, 209 Md. 328, 121 A. 2d 473 (1955). In 1957, Braverman was disbarred from federal practice. *In re Braverman* 148 F. Supp. 56 (D. Md.). On May 21, 1973, eighteen years after his original disbarment, Braverman filed a petition in this Court for reinstatement to practice law. He alleged that during the period following his disbarment, he established his trustworthiness, demonstrated his good moral character, and was now worthy of reinstatement to the Maryland Bar. In his affidavit accompanying the petition, Braverman recited that his association with the Communist Party ceased shortly after his release from prison in 1955; that he had established and conducted a bookkeeping service catering to small business concerns in the Baltimore metropolitan area, an occupation he continues to this day; that he is now active in the political mainstream of our country, seeking to influence the passage of legislation and the election of men and women to office who best represent his concerns; that for the past four years he has served as Treasurer of the New Democratic Coalition, Fifth District Club; that he serves on the executive board of his community association; that he has become active in efforts to improve the criminal justice system, serving as President of the St. John's Council on Criminal Justice, Inc.; that at the invitation of the Attorney General of the United States, he recently participated in the four-day National Conference on Criminal Justice in

Washington, D. C.; and that for the last two years, he has been teaching courses on poverty and criminal justice in the Baltimore Free University held on the Johns Hopkins University campus. Numerous communications from citizens, including many lawyers, personally acquainted with Braverman's qualifications for readmission to the Maryland Bar were submitted in support of his petition for reinstatement.

On May 21, 1973, we directed that a copy of Braverman's petition, affidavit, and accompanying exhibits be sent to the Maryland State Bar Association; on the same day, we directed that the Executive Director of the Bar Association of Baltimore City be notified of Braverman's petition for reinstatement. By letter dated May 31, 1973, the Secretary of the State Bar Association advised us that the petition had been referred to the Chairman of its Grievance Committee and to its Director of Investigative Services. On June 20, 1973, we were notified that the Board of Governors of the State Bar Association, on recommendation of the Association's Grievance Committee, adopted a resolution recommending that we act favorably on Braverman's petition for reinstatement. By order dated July 31, 1973, we directed that briefs be submitted to us on the question whether, in view of *Maryland State Bar Association v. Boone*, 255 Md. 420, 258 A. 2d 438 (1969) and *In re Meyerson*, 190 Md. 671, 59 A. 2d 489 (1948), and cases cited therein, Braverman's petition "can or should be granted."

The State Bar Association filed its brief as *amicus curiae* in support of Braverman's reinstatement on September 4, 1973, and Braverman's brief was filed on September 7, 1973. The Bar Association of Baltimore City submitted its brief as *amicus curiae* (in the form of a letter to the Court) on September 12, 1973; it neither opposed nor supported the requested reinstatement, but questioned whether Braverman had met the burden of proving his fitness to be readmitted to the practice of law in this State. Specifically, the City Association questioned whether Braverman had exhibited any repentance, or demonstrated any contrition for the acts of which he was convicted; and whether he had

"established, in any way, his qualifications to practice the profession of law in the State of Maryland, particularly in the light of his disbarment of over 18 years and the markedly limited opportunity to practice law while he served his prison term before that."

We heard argument in the case on September 13, 1973. While neither Braverman nor the Maryland State Bar Association deemed it necessary in the circumstances that we remand the matter for an evidentiary hearing, neither opposed such a hearing, although each expressed belief that the petition, with its supporting affidavit and exhibits, adequately established Braverman's entitlement to reinstatement.

Maryland Rule BV9 b requires that a petition for reinstatement to the Maryland Bar "set forth facts showing that the petitioner is rehabilitated and is otherwise entitled to the relief sought." Subsection d of the Rule provides that upon receipt by this Court of a petition for reinstatement, it "may consider any written evidence submitted with the petition and the prior proceedings with respect to the charges and may dismiss the petition without a hearing or reserve judgment until after a hearing." The burden is upon the petitioner under subsection d 3 of the Rule "to establish the averments of the petition by clear and convincing proof." In considering the merits of a petition for reinstatement, "a final judgment by a judicial tribunal in another proceeding convicting an attorney of a crime shall be conclusive proof of the guilt of the attorney of such crime." Rule BV4 f 1, made applicable to proceedings involving a petition for reinstatement by Rule BV9 d 4.

Braverman asserts that the basic standard that should be applied in assessing the merits of his petition is, as reflected in the *Meyerson* case, "whether in the period following the rendering of the judgment of removal, . . . [he] has become rehabilitated and has become a proper person to be admitted to the Bar." Stated in other terms, Braverman suggests that the applicable standard, in the words of *Meyerson,* is whether he can demonstrate "fitness acquired since

unfitness was established by the disbarment." 190 Md. at 687.

We agree that *Meyerson* correctly sets forth the basic standard for readmission to practice law in this State, a standard we reaffirmed in *Maryland State Bar Association v. Boone, supra.* And we agree with the position of the State Bar Association that the essential factors to be evaluated in considering Braverman's petition for reinstatement include:

1.  the nature and circumstances of Braverman's original misconduct [1]
2.  his subsequent conduct and reformation
3.  his present character.

Whether Braverman is presently qualified and competent to practice law in light of his long absence from the Maryland Bar is, we think, another essential factor to be evaluated in assessing the matter of his rehabilitation and determining whether he is a proper person to be admitted to the practice of law in this State.

We think the proper course to be followed in this matter is to refer the application for an evidentiary hearing before a panel of judges specially designated by us by Order filed herewith pursuant to Rule BV9 d 4. At the hearing, the State and City Bar Associations, Braverman, and other proper parties should be permitted to offer any relevant and material evidence, to cross-examine, and fully argue the matter. At the conclusion of the hearing, the panel should promptly forward its findings and recommendation to us, along with the full record of the proceedings.

---

[1] Judge Thomsen, in disbarring Braverman from federal practice, said: ". . . Not only was the crime of which he was convicted a felony, it involved moral turpitude; and it involved a violation of the first undertaking of the oath which respondent took when he was admitted to practice as an attorney of this court: 'I will support the Constitution of the United States.' " *In re Braverman, supra,* at 57.

We note that since 1867, the oath of an attorney admitted to practice in Maryland includes this statement: ". . . I will bear true allegiance to the United States, and . . . I will support, protect and defend the Constitution, laws and government thereof as the supreme law of the land . . . ."

PETITION FOR REINSTATEMENT

TO PRACTICE LAW OF

MAURICE L. BRAVERMAN

In The

Court of Appeals of Maryland

Misc. Docket (Subtitle BV)

No. 7, September Term, 1973

## *ORDER*

Pursuant to the opinion filed this date in the above-entitled matter, it is, this 1st day of October, 1973,

*ORDERED*, by the Court of Appeals of Maryland, that in accordance with the provisions of Maryland Rule BV9 d 4 the application for reinstatement be, and it is hereby, referred to Judges J. Harold Grady and David Ross of the Eighth Judicial Circuit of Maryland and to Judge Mary Arabian of the Maryland District Court for an evidentiary hearing in accordance with this Court's opinion dated October 1, 1973, and it is further

*ORDERED*, that the hearing in this matter be held not later than October 17, 1973.

/s/ Robert C. Murphy

Chief Judge

[Seal]

Filed: October 1, 1973.