## MARYLAND STATE BAR ASSOCIATION, INC.
### *v.* CALLANAN

[Misc. Docket (Subtitle BV) No. 6,
September Term, 1973.]

*Decided May 2, 1974.*

The cause was argued before MURPHY, C. J., and BARNES, ▌ SINGLEY, SMITH, DIGGES, LEVINE and ELDRIDGE, JJ.

*Geoffrey S. Mitchell* for respondent.

*William B. Somerville* for Maryland State Bar Association, Inc.

DIGGES, J., delivered the opinion of the Court.

Robert J. Callanan, the respondent in this disciplinary proceeding, was admitted to the bar of Maryland in 1951 and since that time has practiced law in Baltimore City. On October 20, 1970 he was convicted in the United States District Court for the District of Maryland and subsequently sentenced to six months imprisonment for willfully attempting to evade the payment of almost $31,000 in income taxes due the United States for the years 1962 and 1963. Internal Revenue Code of 1954, § 7201. This conviction was affirmed in *United States v. Callanan*, 450 F. 2d 145 (4th Cir. 1971). In its opinion, the federal circuit court, having made it clear that to support this conviction the prosecution had to show "a substantial tax deficiency, an affirmative act by the taxpayer to attempt evasion of the tax, and that the taxpayer acted willfully" (*Id.* at 147), then stated:

> "The record discloses that this was not a close case. The government proved that time and again Callanan received fees without recording them in any book or account and indeed often without depositing them in any of his checking accounts. Callanan's explanations were discredited and he offered neither his own testimony nor the testimony of any accountant to disprove the government's evidence." *Id.* at 151.

On May 7, 1973, acting pursuant to Chapter 1100, Subtitle BV, of the Maryland Rules of Procedure, the Maryland State Bar Association filed its petition requesting that disciplinary sanctions be imposed by this Court against Mr. Callanan for these derelictions. In view of this, we directed that the charges be transmitted to the Supreme Bench of Baltimore City for a hearing by a panel of trial judges.[1] Rule

---

1. Judges J. Harold Grady and David Ross of the Supreme Bench of Baltimore City, together with Judge J. William Hinkel of the District Court of Maryland, were named by us to conduct the hearing and return to this Court its findings and recommendations as to a proper disposition of the charge. Maryland Rules BV4 and BV5.

BV3 b. On May 22, Mr. Callanan, by his answer, admitted the allegations contained in the Bar Association's petition, agreed that his criminal conviction warranted the imposition of some form of sanction, but urged that mitigating circumstances justified the prescription of no more than a reprimand or short suspension of his license to practice in this State. Following a hearing, a majority of the judicial panel concluded that there were no extenuating circumstances present, and recommended that the respondent be disbarred from the further practice of law.[2]

In our decision filed today in *Maryland St. Bar Ass'n v. Agnew*, 271 Md. 543, 318 A. 2d 811 (1974), we stated that willful tax evasion, proscribed by § 7201, is in that class of felonious crimes which involve moral turpitude and are infested with fraud, deceit, and dishonesty that "will result in automatic disbarment when the respondent fails to demonstrate by clear and convincing evidence a compelling reason to the contrary." *Id.* at 551. As no useful purpose would be served by repeating here the reasons given for reaching this conclusion, we need only address ourselves to the question of whether the respondent has produced sufficient evidence of a "compelling exculpatory explanation" which would justify the imposition of less than the extreme sanction.

Mr. Callanan, in his attempt to persuade us that only a reprimand or suspension is in order, urges that we consider the following factors:

"(i) Respondent's cooperation with federal authorities resulting in the apprehension of certain persons offering to intervene to obstruct the administration of justice, (ii) Respondent's substantial health problems suffered as a result of his prosecution, (iii) a lack of any matters of aggravation, (iv) Respondent's fitness to resume practice of his profession without impropriety, and

---

2. Judge Hinkel dissented from the majority suggestion that the respondent be disbarred, and concluded that suspension for a period of five years should be recommended.

(v) the length of the period between initiation of the investigation and these proceedings."

While Mr. Callanan's health problem is distressing, and while his cooperation with the authorities is commendable, we conclude that since these enumerated items developed or occurred *subsequent* to his criminal activity, and then only because it was detected, they do not serve to palliate the evil of his offense. In so ruling, we do not pass upon whether these factors, either individually or collectively, would justify the imposition of a less severe sanction if they had been associated with the felony prior to or at the time it was committed. Nor do we intend to intimate that factors which arise after the crime can have no effect on a determination of the appropriate sanction if there was offered exculpatory evidence of other events or developments which had transpired prior to the dishonesty involved. We are simply holding that what is offered here, in its present posture, is not enough. Consequently, we are compelled in order to protect the public and to preserve the integrity of the legal and judicial system of Maryland to remove the respondent's name from the rolls of those authorized to practice law in this State.

*It is so ordered.*