# IN THE MATTER OF THE PETITION FOR REIN-STATEMENT TO THE BAR OF MARYLAND OF RICHARD ANTHONY BARTON

[Misc. Docket (Subtitle BV) No. 3, September Term, 1973.]

*Decided December 19, 1974.*

378

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Peter G. Angelos,* with whom was *James E. Crawford* on the brief, for Richard Anthony Barton.

*Alfred H. Kreckman, Jr.,* with whom was *J. Snowden Stanley, Jr.,* on the brief, for Maryland State Bar Association, Inc.

ELDRIDGE, J., delivered the opinion of the Court.

This case is before us on a petition for reinstatement by a disbarred attorney.

The petitioner, Richard Anthony Barton, became a member of the Maryland bar on June 12, 1952. Fourteen years later, on February 7, 1966, the Supreme Bench of Baltimore City ordered his disbarment. The order was based on findings that Barton had on several occasions misappropriated money belonging to his clients and had failed to represent competently the interest of his clients.

Following his disbarment, Barton worked as a bartender at a tavern in Baltimore. Subsequently he was employed for a brief period as an office manager in Towson. After his marriage in 1968 to his present wife, he participated in the management of two motels, located in Fenwick Island, Delaware, in which his wife was part owner.

While a resident of Fenwick Island, Barton engaged in some community services. He says that he was active in the organization of the Fenwick Island Businessmen's Association, participated in a program to enable delinquent

children to visit the ocean, was a member of the Optimist Club of Ocean City, Maryland, and participated in a volunteer fire department in Fenwick Island. Petitioner also performed volunteer work for the Delaware Family Court and the Legal Aid Society in Georgetown, Delaware.

On March 30, 1973, Barton filed the subject petition for reinstatement with this Court. On December 5, 1973, we referred the petition to the Supreme Bench of Baltimore City and designated Judges Hammerman, Murphy and Borgerding to conduct an evidentiary hearing on the issue of whether Barton should be readmitted to the practice of law. The evidentiary hearing was held before the three designated judges on January 10, 11, 14 and 15, 1974. During the hearing, Barton and other witnesses testified that Barton had domestic difficulties with his first wife in the years immediately preceding his disbarment, which contributed to the misconduct for which he was disbarred. On March 22, 1974, the three-judge panel stated:

> "We find that the Petitioner had not established by clear and convincing proof his fitness to practice law and recommend that the Petitioner not be reinstated as a member of the Bar of the State of Maryland. However, we wish to emphasize in this Recommendation that it is based on the Petitioner's current situation. We feel that at some time in the future the Petitioner may well rectify what we feel are certain present disabilities and may well be in a position to warrant reinstatement. We encourage the Petitioner along this course."

The case is now before us on Barton's exceptions to the recommendation of the panel.

We have previously set forth the four principal factors which should be considered in evaluating a petition for reinstatement to the bar. They are: (1) the nature and circumstances of the original misconduct; (2) petitioner's subsequent conduct and reformation; (3) his present character; (4) his present qualifications and competence to practice law. *In re Braverman,* 271 Md. 196, 199-200, 316 A.

2d 246 (1974); *In re Braverman,* 269 Md. 661, 665, 309 A. 2d 468 (1973). *See also Maryland State Bar Association v. Boone,* 255 Md. 420, 258 A. 2d 438 (1969); *In re Meyerson,* 190 Md.. 671, 59 A. 2d 489 (1948). In the instant case, the three-judge panel of the Supreme Bench of Baltimore City applied these four factors to the evidence concerning the petitioner. The recommendation was chiefly based upon the first and fourth factors, *i.e.,* the nature of Barton's original misconduct and his qualifications and competence to practice law.

With regard to the nature and circumstances of a disbarred attorney's original misconduct, the more serious the original misconduct was, the heavier is the burden to prove present fitness for readmission to the bar. This Court has clearly stated that misappropriation of a client's funds, even if no criminal conviction results, must be considered to be an offense of the utmost gravity. *Bar Association of Baltimore City v. Carruth,* 271 Md. 720, 727, 319 A. 2d 532 (1974); *Bar Association of Baltimore City v. Marshall,* 269 Md. 510, 519, 307 A. 2d 677 (1973); *Balliet v. Baltimore County Bar Association,* 259 Md. 474, 479, 270 A. 2d 465 (1970); *In re Lombard,* 242 Md. 202, 206-207, 218 A. 2d 208 (1966). Therefore, in the instant case, the petitioner must offer convincing proof of his rehabilitation.

Barton relies on *In re Braverman, supra,* as support for his argument that the alleged causes for his misconduct, *i.e.,* his domestic difficulties, have ceased to exist and that, therefore, he is rehabilitated.[1] *Braverman,* however, is not analogous. In that case, Braverman had been convicted of a Smith Act violation, 18 U.S.C. 2385. His association with the Communist party ceased upon his release from prison in 1955. In *Braverman,* this Court noted that changes in the

---

1. The State Bar Association argued that the evidence presented by petitioner to the three-judge panel, about his deteriorating relationship with his first wife at the time of the misconduct which led to his disbarment, was improperly admitted by the three-judge panel. Maryland Rules BV9 (d) (4) and BV4 (f) are cited by the Bar Association. These rules require only that the findings of misconduct on the part of petitioner made in the original disbarment proceeding "be considered as conclusive proof of such misconduct" in this reinstatement proceeding. Nevertheless, petitioner can present evidence which explains the nature and circumstances of his misconduct, including evidence in mitigation. Consequently, we believe that the three-judge panel properly admitted this evidence.

application of the Smith Act, as a result of judicial decisions which had taken place since Braverman's conviction and disbarment, made it doubtful that Braverman would have been convicted if he had been prosecuted at the time of his reinstatement petition. Moreover, the change in attitudes since Braverman's conviction and disbarment made it unlikely that he would be prosecuted if he now engaged in the same acts which led to his disbarment. No similar change of attitude has taken place with respect to the misconduct on which petitioner's disbarment was based. Misappropriation of clients' money, and failure to represent properly one's clients, are matters of the utmost seriousness.

The principal purpose of disbarment is to protect the public. *Maryland State Bar Ass'n v. Sugarman*, 273 Md. 306, 329 A. 2d 1 (1974); *Maryland St. Bar Ass'n v. Frank*, 272 Md. 528, 533, 325 A. 2d 718 (1974); *Maryland St. Bar Ass'n v. Callanan*, 271 Md. 554, 557, 318 A. 2d 809 (1974); *Maryland St. Bar Ass'n v. Agnew*, 271 Md. 543, 549, 318 A. 2d 811 (1974); *Bar Ass'n of Baltimore City v. Marshall, supra*, 269 Md. at 519-520; *Balliet v. Baltimore County Bar Ass'n, supra*, 259 Md. at 478; *In re Meyerson, supra*, 190 Md. at 675-676. Therefore, when we consider a petition for readmission, our concern is whether this Court can be assured that the public can rely on the competence and integrity of the previously disbarred attorney. In the instant case, the three-judge panel was warranted in holding that the *Braverman* case is distinguishable, that the nature of Barton's original misconduct placed a heavy burden on him to demonstrate that the public would be protected if he were readmitted, and that at this time Barton has not met that burden.

With regard to the second and third factors set forth in *Braverman*, namely petitioner's subsequent conduct and reformation, and his present character, the three-judge panel found little criticism of Barton. The only critical finding relative to these factors was that Barton's "contrition over his professional misconduct has been less than complete and full" regarding two of the original charges against him. However, the testimony at the

reinstatement hearing discloses that Barton did acknowledge that he was guilty of improper conduct with respect to the two charges of professional misconduct. It is true that Barton did not believe that his motives were as bad, and his conduct as wrongful, as the disbarment adjudication would indicate. However, to be reinstated, one need not express "contrition" which is inconsistent with a position to which he honestly and sincerely adheres. As stated in *Braverman, supra,* 271 Md. at 202-203, "While [petitioner] seems to hinder his cause by not taking what might be the easier way of confession and contrition, the intellectual honesty of his position must be recognized."

The hearing panel in this case placed considerable weight on the fourth factor set forth in *Braverman,* that is the present qualifications and competency of Barton to practice law. We agree with the conclusion of the panel that petitioner has failed to demonstrate that he is presently equipped to represent clients competently. The only evidence he offered on this point was that he had done some volunteer work of a clerical nature for a family court and a legal aid agency, and that he had subscribed to the Daily Record for two years. This effort is not sufficient to qualify him to be licensed to practice law. Compare the activities of the petitioner in *Braverman, supra,* 271 Md. at 198-199.

In sum, we agree with the three-judge panel that, at this stage, sufficient time has not passed to be assured of petitioner's reformation and sufficient evidence has not been submitted of his present competency to practice law. Where an attorney has been disbarred because of several different instances of misappropriating his clients' funds, something more must be shown than is present here to justify readmission. The mere passage of seven years' time, coupled with activities since disbarment of the type revealed by this record, is not an adequate basis in and of itself to assure us that the public would be protected by petitioner's readmission.

*Exceptions overruled and petition*
*for reinstatement denied.*