## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND *v.* GREEN

[Misc. Docket (Subtitle BV) No. 7,
September Term, 1975.]

*Decided November 1, 1976.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE and ORTH, JJ.

*Samuel A. Green, Jr.,* in proper person, respondent.

*L. Hollingsworth Pittman,* Bar Counsel, for petitioner.

Smith, J., delivered the opinion of the Court.

This matter is before the Court on the exceptions of the respondent, Samuel Alexander Green, Jr. (Green), to the recommendation that he be disbarred made by a panel of trial judges pursuant to Maryland Rule BV11 a, they having been appointed under Rule BV9 b.

Green was convicted by a Baltimore County jury under a 16 count indictment charging him with misconduct in office as the State's Attorney for Baltimore County, obstruction of justice, conspiracy, and attempted subornation of perjury. The convictions were affirmed by the Court of Special Appeals on May 1, 1975, in *Green v. State*, 25 Md. App. 679, 337 A. 2d 729, *cert. denied*, 275 Md. 749 (1975). Upon the petition of the Attorney Grievance Commission of Maryland (the Commission) setting forth the fact of his conviction of a crime involving moral turpitude, we suspended him from the practice of law in this State on May 16, 1975, conformable to the provisions of Rule BV16.

Upon Green's release from confinement the Commission requested a further hearing pursuant to Rule BV16 c. We appointed three trial judges to sit in the Circuit Court for Anne Arundel County to consider the matter. They found that "[i]t follows that he has violated, at the least, Disciplinary Rules DR 1-102 (A) (4) (dishonest conduct); DR 1-102 (A) (5) (conduct prejudicial to the administration of justice); and DR 1-102 (A) (6) (conduct reflecting adversely on his fitness to practice law)," which disciplinary rules are a part of the Code of Professional Responsibility adopted by us. Rule 1230.

In his exceptions Green suggests that these "alleged violations of the Disciplinary Rules do not warrant disbarment," and that "[t]he alleged offenses and subsequent conviction on sixteen counts concerned only *one* incident alleged to have occurred while [he] was serving in his political capacity and not in the direct practice of law and therefore does not warrant disbarment." (Emphasis his.)

Green personally argued his case before us. He conceded, as indeed he must under Rule BV10 e 1, the correctness of the findings of fact by the panel by reason of his conviction as charged. It is his earnest plea, however, that he should not be disbarred.

In *Maryland St. Bar Ass'n v. Boone*, 255 Md. 420, 425, 258 A. 2d 438 (1969), Chief Judge Hammond quoted for the Court from *Rheb v. Bar Ass'n of Baltimore*, 186 Md. 200, 205, 46 A. 2d 289 (1946), and *In the Matter of Lombard*, 242 Md. 202, 207, 218 A. 2d 208 (1966), saying "that '[i]n the last analysis the duty rests upon the courts and the profession as a whole, to uphold the highest standards of professional conduct and to protect the public from imposition by the unfit or unscrupulous practitioner.'" This Court has repeatedly referred to the Lord Mansfield Rule enunciated in *Ex Parte Brounsall*, 2 Cowp. 829 (1778):

> "[T]he question is, Whether, after the conduct of this man, it is proper that he should continue a member of a profession which should stand free from all suspicion. ... It is not by way of punishment; but the court on such cases, exercise their discretion, whether a man whom they have formerly admitted, is a proper person to be continued on the roll or not."

*See, e.g., Bar Ass'n of Balto. City v. Posner*, 275 Md. 250, 255, 339 A. 2d 657, *cert. denied*, 423 U. S. 1016, 96 S. Ct. 451 (1975); *In re Barton*, 273 Md. 377, 381, 329 A. 2d 102 (1974); *Maryland St. Bar Ass'n v. Sugarman*, 273 Md. 306, 316, 329 A. 2d 1 (1974), *cert. denied*, 420 U. S. 974 (1975), citing *In re Rouss*, 221 N. Y. 81, 84-85, 116 N. E. 782 (1917), an opinion by then Judge Cardozo; *Maryland St. Bar Ass'n v. Agnew*, 271 Md. 543, 550, 318 A. 2d 811 (1974); *Balliet v. Balto. Co. Bar Ass'n*, 259 Md. 474, 478, 270 A. 2d 465 (1970); and *In re Meyerson*, 190 Md. 671, 675-76, 59 A. 2d 489 (1948) (where Judge Markell delivered the opinion for the Court). It was more succinctly put by Judge Singley for the Court in *Posner* when he said that "the purpose of the proceeding [is] to protect the public by determining a lawyer's fitness to

practice law . . . ." Judge Digges referred for the Court in *Agnew* to the Lord Mansfield rule and then posed what he called "the underlying question" of "whether, after the conduct of this man [(convicted of a crime involving moral turpitude)], it is proper that he should continue [as] a member of [the legal] profession." He replied:

> "In the absence of a compelling exculpatory explanation, we think that the answer to this question must be no when an attorney is found guilty of a crime which is deemed to involve moral turpitude and the offense entails the employment of dishonesty, fraud, or deceit which is perpetrated to enrich the offending attorney or to enhance his own well-being at the expense of his client, the state, or any other individual." *Id.* at 550.

It is difficult to conceive of a crime which strikes more at the very fundamentals of our system of justice than that of subornation of perjury. Green has submitted no compelling exculpatory explanation for his actions. In fact, no explanation has been submitted. He failed to appear before the panel of trial judges. In *Posner* and *Sugarman* we quoted from *In re Stump*, 272 Ky. 593, 114 S.W.2d 1094 (1938). Although that case dealt with the reinstatement of a disbarred attorney, what the Court of Appeals of Kentucky there said is nonetheless apposite here:

> "The ultimate and decisive question is always whether the applicant is now of good moral character and is a fit and proper person to be reintrusted with the confidences and privileges of an attorney at law. This question has a broader significance than its purely personal aspect. From time immemorial lawyers have in a peculiar sense been regarded as officers of the court. It is a lawyer's obligation to participate in upholding the integrity, dignity, and purity of the courts. He owes a definite responsibility to the public in the proper administration of justice. It is of utmost importance that the honor and integrity of the legal

profession should be preserved and that the lives of its members be without reproach. The malpractice of one reflects dishonor not only upon his brethren, but upon the courts themselves, and creates among the people a distrust of the courts and the bar." *Id.* at 598.

It thus follows that the recommendation of the panel that Green be disbarred must be accepted. His name shall be stricken from the rolls of those authorized to practice law in this State.

*It is so ordered.*