ATTORNEY GRIEVANCE COMMISSION OF
MARYLAND *v.* OWEN JOSEPH
SILK, JR.

[Misc. Docket (Subtitle BV) No. 2,
September Term, 1976.]

*Decided February 7, 1977.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*Joseph P. McCurdy, Jr.,* for respondent.

*L. Hollingsworth Pittman, Bar Counsel,* for petitioner.

## ORDER

This Court having heard argument on the exceptions to the recommendation of the panel of judges designated to sit in the Circuit Court for Howard County and the answer filed thereto, it is this 7th day of February, 1977

ORDERED, by the Court of Appeals of Maryland, that the recommendation be adopted and that Owen Joseph Silk, Jr. be, and he is hereby, disbarred from the further practice of law in the State of Maryland; and it is further

ORDERED that the clerk of this Court shall forthwith strike the name of Owen Joseph Silk, Jr. from the register of attorneys and shall certify that fact to the Trustees of the

Clients' Security Trust Fund and the clerks of all judicial tribunals in the State in accordance with Rule BV 13.

/s/ Robert C. Murphy

/s/ Frederick J. Singley, Jr.

/s/ Marvin H. Smith

/s/ J. Dudley Digges

Filed: February 7, 1977
/s/ James H. Norris, Jr.
Clerk
Court of Appeals of Maryland

/s/ Irving A. Levine

/s/ John C. Eldridge

/s/ Charles E. Orth, Jr.

## MEMORANDUM AND ORDER

The Commission has petitioned for disciplinary action against the Respondent, alleging that "2. The Respondent is a member of the Bar of this Court (The Court of Appeals), but does not maintain an office for the practice of law, and does not engage in the private practice of law; although he is gainfully employed in a position requiring a knowledge of the law.

"3. That your Petitioner specifically represents and charges that the Respondent, in violation of Disciplinary Rules DR 1-102A (3) and (4), engaged in illegal conduct involving moral turpitude and engaged in conduct involving dishonesty, fraud, deceit and misrepresentation, in that the Respondent did mishandle, misappropriate and/or embezzle funds of the Mount St. Joseph Father's Club of Mount St. Joseph High School in Baltimore, Maryland, during the time he served as Treasurer and President of said club, during that period of time from approximately November of 1973 to November of 1974."

The Respondent has answered, admitting the allegations of the second paragraph but denying the allegations of the third. In the hearing, however, before this Panel, designated by the Court of Appeals, by its order dated May 21, 1976, to

hear the charges, the allegations contained in the third paragraph were admitted and there was no factual dispute to be resolved.

By way of amplification, it should be added that the Respondent has not been prosecuted for his misappropriation of the funds in question, that he consented to the entry of a judgment against him in the Circuit Court for Baltimore County in the amount of $4,621.77, although he did not think that that amount was accurate, that he has paid the judgment in full, that he has shown contrition and remorse for the wrong committed, that he has been, for many years, an employee of the State of Maryland and is presently employed in the Comptroller's office, and that, although he is permitted the private practice of law, such practice has, in fact, been very limited.

The issue is whether suspension from practice for a period of time or disbarment should be recommended. The answer to this question depends, to a great extent, on whether more lenient sanctions should be imposed on a lawyer who has misappropriated funds which have come into his hands in a fiduciary but not professional capacity, as distinguished from a lawyer who, in his professional capacity, has misappropriated the funds of a client. In the latter instance the Court of Appeals has consistently upheld or ordered disbarment, stating that "misappropriation of a client's funds, even if no criminal conviction results, must be considered to be an offense of the utmost gravity." *In re Barton*, 273 Md. 377, 380 (1973); *Bar Association of Baltimore City v. Carruth*, 271 Md. 720, 727, 319 A. 2d 532 (1974); *Bar Association of Baltimore City v. Marshall*, 269 Md. 510, 519, 307 A. 2d 677 (1973); *Balliet v. Baltimore County Bar Association*, 259 Md. 474, 479, 270 A. 2d 465 (1970); *In re Lombard*, 242 Md. 202, 206-207, 218 A. 2d 208 (1966).

In *In Re Myerson*, 190 Md. 671, 676 (1948), it was said that " 'Conduct prejudicial to the administration of justice' may include a criminal offense which impairs the basic objects of a lawyer's profession, though not committed in his professional capacity, and though he has not been convicted. . . ."

In *Maryland State Bar Association v. Agnew*, 271 Md. 543, 550 (1974), the Court of Appeals observed that, ". . . we see no significant moral distinction between willfully defrauding and cheating for personal gain a client, an individual, or the government. . . . The professional ethical obligations of an attorney, as long as he remains a member of the bar, are not affected by a decision to pursue his livelihood by practicing law, entered the business world, becoming a public servant, or embarking upon any other endeavor."

In the light of what has been said in the cases cited, there appears to be no sound reason for regarding misappropriations committed in a non-professional capacity more leniently than those committed in a professional capacity. Each involves a breach of trust or of a fiduciary relationship and bear equally on the fitness of a lawyer to practice his profession.

It was suggested on behalf of the Respondent that either a reprimand or a possible suspension would be an appropriate disposition in this case, particularly in view of the Respondent's minimal contact with private clients and the fact that his position with the State does not involve the handling of funds. This Panel is not persuaded by the suggestion. An occasional client is entitled to the same protection as many clients. Furthermore, the misappropriation committed by the Respondents amounted to more than a single, isolated incident; it consisted of a number of incidents over a period of time. For this reason the case of *Prince George's County v. Vance*, 273 Md. 79 (1974) is not apposite.

Since the members of this Panel find that the Respondent has violated Disciplinary Rules DR 1-102A (3) and (4) under such circumstances as to require disbarment, disbarment will be recommended.

/s/  James Macgill

/s/  Guy J. Cicone

/s/  J. Thomas Nissel

## O R D E R

The petition for disciplinary action of the Attorney Grievance Commission against Owen Joseph Silk, Jr., coming on for hearing, and being submitted, evidence was received in open Court, counsel were heard and the proceedings read and considered.

It is, thereupon, this 2nd day of December 1976, by the Undersigned, designated by The Court of Appeals pursuant to the provisions of Rule BV9, of the Maryland Rules of Procedure, Adjudged and Ordered that it be, and it is hereby, recommended to The Court of Appeals that the said Owen Joseph Silk, Jr., be disbarred.

/s/ James Macgill

/s/ Guy J. Cicone

/s/ J. Thomas Nissel