# IN THE MATTER OF THE PETITION FOR REINSTATEMENT TO THE BAR OF MARYLAND OF RICHARD ANTHONY BARTON

[Misc. (BV) No. 10, September Term, 1979.]

*Decided July 22, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Walter D. Murphy, Jr., Assistant Bar Counsel, for Attorney Grievance Commission,* respondent.

*James N. Phillips,* with whom was *John W. Sloan* on the brief, for petitioner.

COLE, J., delivered the opinion of the Court. SMITH and DIGGES, JJ., dissent. DIGGES, J., filed a dissenting opinion at page 67 *infra,* in which SMITH, J., concurs.

Richard Anthony Barton seeks readmission to the Bar of Maryland. He was admitted on June 12, 1952 and disbarred on February 7, 1966 by the Supreme Bench of Baltimore City which concluded that he had misappropriated money belonging to his clients and had failed to properly represent their interests. This is Barton's third petition for reinstatement.

We denied his first petition, *In Re Barton,* 273 Md. 377, 329 A.2d 102 (1974) (*Barton I*), and followed the recommendation of the three-judge panel which conducted the hearing thereon. That panel stated:

> We find that the Petitioner had not established by clear and convincing proof his fitness to practice law and recommend that the Petitioner not be reinstated as a member of the Bar of the State of Maryland. However, we wish to emphasize in this Recommendation that it is based on the Petitioner's current situation. We feel that at some time in the future the Petitioner may well rectify what we feel are certain present disabilities and may well be in a position to warrant reinstatement. We encourage the Petitioner along this course. [273 Md. at 379.]

We concluded in *Barton I* that

> [w]here an attorney has been disbarred because of several different instances of misappropriating

his clients' funds, something more must be shown than is present here to justify readmission. The mere passage of seven years' time, coupled with activities since disbarment of the type revealed by this record, is not an adequate basis in and of itself to assure us that the public would be protected by petitioner's readmission. [273 Md. at 382.]

Barton's second petition was filed too soon and we summarily dismissed it in 1977. Barton now maintains that he meets all the standards for reinstatement and beseeches us to grant the relief requested.

Upon receipt of Barton's third petition, we referred it to Bar Counsel for investigation pursuant to Maryland Rule BV 14. Thereafter, the matter was referred to an Inquiry Panel for hearing, the findings of which were reviewed by the Review Board. The favorable recommendations of both these bodies were then transmitted to this Court by Bar Counsel. We set the matter down for hearing to determine if Barton had met his burden of satisfying us that he was a fit person to resume the practice of law in this State.

We have often reminded the Bar that the purpose of disbarment is not to punish, but to protect the public. *See, e.g., In Re Raimondi and Dippel,* 285 Md. 607, 609, 403 A.2d 1234 (1979); *In Re Barton, supra,* 273 Md. at 381; *Maryland St. Bar Ass'n. v. Sugarman,* 273 Md. 306, 318, 329 A.2d 1 (1974); *Maryland St. Bar Ass'n. v. Frank,* 272 Md. 528, 533, 325 A.2d 718 (1974); *Maryland St. Bar Ass'n. v. Callanan,* 271 Md. 554, 557, 318 A.2d 809 (1974); *Maryland St. Bar Ass'n. v. Agnew,* 271 Md. 543, 549, 318 A.2d 811 (1974); *Bar Ass'n. v. Marshall,* 269 Md. 510, 519, 307 A.2d 677 (1973); *see Balliet v. Baltimore Co. Bar Ass'n.,* 259 Md. 474, 478, 270 A.2d 465 (1970); *In Re Meyerson,* 190 Md. 671, 675, 59 A.2d 489 (1948). We have further emphasized that it is this Court's ultimate responsibility to superintend the conduct of the Bar. *See Attorney General v. Waldron,* 289 Md. 683, 426 A.2d 929 (1981), so as to make certain that those who practice law are those least likely to perpetrate fraud upon the public and are those most likely to adhere to the

high standards of integrity which characterize the Maryland Bar. Thus, our task is awesome when the determination of fitness arises in the nature of a petition for reinstatement. For we have clothed the petitioner, once before, with all the indicia of honesty, character and competence. We therefore look probingly at any reapplication alleging reform, rehabilitation and competence. We seek assurance that those traits which led to the petitioner's disbarment no longer exist and, indeed, that the petitioner is a changed individual, having a full appreciation for his mistake and a new determination to adhere to the high standards of integrity and legal competence which this Court requires. We continue to believe that a fallen lawyer may rise again but only after a clear and demonstrated change from what he was before.

To reduce the margin of risk, Chief Judge Murphy set forth certain factors we consider in evaluating lawyers who reapply for admission to practice. *In Re Braverman,* 271 Md. 196, 199-200, 316 A.2d 246 (1974). We repeated these factors in our opinion denying Barton's first petition. *In Re Barton, supra,* 273 Md. at 379. They are:

1) the nature and circumstances of the original misconduct;
2) petitioner's subsequent conduct and reformation;
3) his present character; and
4) his present qualifications and competence to practice law.

We determined in *Barton I* that our concern was with the first and fourth factors; we agreed with the three-judge panel that there was little basis to criticize Barton on the second and third factors, except that Barton had not acknowledged that he was guilty of improper conduct. We also made clear that it was the petitioner's burden to satisfy us by clear and convincing evidence that he had changed and was now fit to practice law.

Barton was disbarred because he misappropriated his client's funds. Although he was not tried and convicted for these transgressions, we made clear in *Barton I* that misappropriation of a client's funds, even if no criminal conviction results, is considered a grave offense. *In Re Barton, supra,* 273 Md. at 380. We further noted in *Barton I* that while Barton had made full restitution to his clients and attributed his downfall to domestic turmoil and excessive alcohol abuse, he did not offer convincing proof of his rehabilitation. We turn then to an evaluation of the proof presented to support his current application.

While we are not bound by the findings of the Inquiry Panel or the report of the Review Board, in most instances, as here, we find their work to be of invaluable assistance. The Inquiry Panel made the following observations:

> The petitioner expressed genuine contrition for his past misdeeds and although he considered his domestic problems and collaterally, an abuse of alcohol, as contributing thereto, he freely conceded those acts were indefensible and inexcusable.
>
> The panel finds his rehabilitation and reformation of character complete as borne out by his acts of contrition over the past 14 years. He has devoted himself more or less continually for many years to law related civil affairs, volunteer public defender (paralegal), volunteer counselor for the Department of Parole and Probation, and other public service endeavors in the State of Delaware and Worcester County, Maryland.
>
> We were impressed by his sincere efforts to redress society for his past acts, and by the numerous witnesses who testified to the excellent reputation he has attained from and in the community in which he lives and works (Fenwick, Delaware), and in Worcester County, Maryland. The petitioner is a lay-alderman in Fenwick, Delaware, which is the equivalent to a magistrate in our former Maryland system. As such he is

personally responsible for the court funds, which are considerable. Officials of Fenwick testified that in the performance of his duties, he is considered exemplary and his integrity is beyond reproach.

The evidence revealed that the petitioner now enjoys a stable domestic life without financial strain. The likelihood of a repetition of his original misbehavior, because of the consequences of his disbarment, has become too remote for logical consideration.

The panel finds that the petitioner's present character to be of such stature that were it not for the misconduct referred to in the original disbarment proceedings, he would unqualifiedly possess the traits of character required for admission to the Bar. The evidence discloses the petitioner to be a temperate, civic-minded, sincere, hard-working individual of good moral character, held in very high esteem in his community in spite of his disbarment which he freely revealed to all.

We accept the Panel's conclusions as to the first three factors.

As to the fourth factor — Barton's present qualifications — the Panel concluded that Barton should be required to take the examination for new admittees to the Bar. A majority of the Review Board recommended that Barton be reinstated and not be required to take the Bar Examination. We agree with the Review Board.

We regard the activities of Barton to meet, at least, the minimum academic standards for reinstatement. Barton offered as proof his participation in the operation of the family court in Delaware, his work with the Public Defender's office in preparing memoranda and briefs, his service with the Legal Aid Bureau of that area, his volunteer work with the Department of Parole and Probation in Worcester County, Maryland; his attendance at criminal law and administration of justice courses at Delaware Technical and Community College; his work on the Governor's

Workmen's Compensation Commission and the Judicial Planning Committee of Delaware. Of great significance is the high regard in which Barton is held by persons in the law enforcement field as well as the reputation he has acquired for fairness, trustworthiness and competence as a presiding alderman in the local court of the City of Fenwick Island.

We conclude that while disbarment does not necessarily operate as a permanent disability, it may only be overcome by a clear and convincing showing of rehabilitation and of legal competence, borne out by an applicant's conduct over a long period of time. In the instant case we find that the evidence of all of these activities on balance satisfies us that Barton is qualified to resume the practice of law without the requirement that he sit for the bar examination.

Accordingly, we shall sign an order directing that Richard Anthony Barton be readmitted as a member of the Bar in good standing upon his subscribing, in open court, to the oath of attorneys required by Maryland Code, Article 10, § 10.

## ORDER

The Inquiry Panel and the Review Board of the Attorney Grievance Commission having recommended reinstatement of Richard Anthony Barton as a member of the Bar of Maryland, and a hearing having been held on the recommendation, it is this 22nd day of July, 1981, in accordance with the opinion of the Court filed this date, Judges Smith and Digges dissenting,

ORDERED, by the Court of Appeals of Maryland, that RICHARD ANTHONY BARTON be, and he is hereby, reinstated as a member of the Bar of Maryland upon his subscribing, in open court, to the oath of attorneys required by Maryland Code, Article 10, § 10.

*Digges, J., dissenting:*

Once an attorney is disbarred for stealing his client's moneys, as far as I am concerned, he has forfeited for all time

his privilege to practice law in Maryland. No behavior impugns the professional and ethical integrity of an attorney more than thievery from those who retain that practitioner's services and in him entrust their affairs; likewise, nothing reflects more poorly on the legal profession than this type of conduct. *See Maryland St. Bar Ass'n v. Agnew,* 271 Md. 543, 318 A.2d 811 (1974); *Balliet v. Balto. Co. Bar Ass'n,* 259 Md. 474, 270 A.2d 465 (1970); *Bar Ass'n v. Marshall,* 269 Md. 510, 307 A.2d 677 (1973). I am quite incapable of certifying to the public that Mr. Barton is deserving of the trust that the attorney-client relationship necessarily entails, and "reclothe him with all the indicia of honesty, character and competence" which the majority "on balance" believes he has earned.

Judge Smith has authorized me to state that he concurs with the views expressed herein.