497 A.2d 1140

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Stanley Y. BENNETT.**

**Misc. (Subtitle BV) No. 2, Sept. Term, 1985.**

Court of Appeals of Maryland.

Oct. 2, 1985.

Melvin Hirshman, Bar Counsel and Glenn M. Grossman, Asst. Bar Counsel, Annapolis, for petitioner Atty. Grievance Com'n of Md.

No appearance on behalf of respondent.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

SMITH, Judge.

Bar Counsel, acting pursuant to the provisions of Maryland Rule BV9, filed a petition with us seeking disciplinary action against Stanley Y. Bennett, a member of the Maryland Bar. He charged that Bennett violated Disciplinary Rule 1–102(A)(3), (4), (5), (6). (The pertinent portion of the rule is reproduced in that part of the opinion of the trial judge which we shall quote.) The petition was based upon acts set forth in *In Re Bennett,* 301 Md. 517, 483 A.2d 1242 (1984), where we found that Bennett was guilty of misconduct as a judge of the District Court of Maryland for which he should be removed from office. We shall disbar.

Pursuant to Rule BV9 b we referred the matter for hearing to a judge of the Sixth Judicial Circuit of Maryland. He filed with us an opinion which states in pertinent part:

### "FINDINGS OF FACT

"1. Stanley Y. Bennett was admitted as a member of the Bar of the Court of Appeals of Maryland on June 10, 1960.

"2. While the Respondent was a judge of the District Court of Maryland, District II, sitting in Frederick County, he committed acts of misconduct which are set forth in the Opinion of the Court of Appeals of Maryland in *In Re: Bennett, supra.* This misconduct included the Respondent's forgery of another judge's name to the change of the disposition in a traffic case which the Respondent did at the behest of an individual of whom he sought political support.

"3. The Respondent's misconduct set forth in *In Re: Bennett, supra,* is conclusively proved herein pursuant to Maryland Rule BV10e1.

### "CONCLUSIONS OF LAW

"1. Maryland Rule BV10e1 states, *inter alia:*

'1. Proof of Guilt.

… A final adjudication in a disciplinary proceeding by a judicial tribunal or a disciplinary agency appoint-

ed by or acting at the direction of a judicial tribunal that an attorney has been guilty of misconduct is conclusive proof of the misconduct in the hearing of charges pursuant to this Rule.'

"2. The misconduct set forth in *In Re: Bennett, supra,* is proved conclusively pursuant to Maryland Rule BV10e1 and said misconduct violates the following Disciplinary Rules:
1–102

'Misconduct.
(A) A lawyer shall not:
(3) Engage in illegal conduct involving moral turpitude.
(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
(5) Engage in conduct that is prejudicial to the administration of justice.
(6) Engage in any other conduct that adversely reflects on his fitness to practice law.' "

Bennett has taken no exceptions to the findings of fact and conclusions of law. Bar Counsel states, and we agree, that Rule BV10 e 1 is applicable here and thus that the findings in *Bennett* are conclusive in this proceeding. The charges in *Bennett* were brought before us by the Commission on Judicial Disabilities. Its and our authority are found in Md. Const. art. IV, § 4B. We deem our determination there to be one coming within the purview of the rule.

No useful purpose will be served by reviewing in detail the facts before us in *Bennett,* 301 Md. 517, 483 A.2d 1242. It is sufficient to say that we there found clear and convincing evidence that the then Judge Bennett had forged the signature of another judge in a proceeding in the District Court of Maryland in Frederick County. We concluded that opinion by stating:

"Forgery of another judge's name to the change of the disposition in a traffic case in our judgment constitutes

'conduct prejudicial to the proper administration of justice.' We see no alternative to the entry of an order removing Judge Bennett from office." 301 Md. at 536, 483 A.2d at 1251.

In his answer to the petition for disciplinary action Bennett stated:

"In the event the court feels some disciplinary action is appropriate, the respondent requests leniency; and suggests the removal from the bench by the Court of Appeals and three years of notoriety promoted by the State is sufficient action and penalty against the respondent for the misconduct alleged."

Were our function upon determination of an infraction of the Disciplinary Rules limited to meting out punishment there might be something to be said for this statement. However, we point out that in *Maryland St. Bar Ass'n v. Agnew*, 271 Md. 543, 318 A.2d 811 (1974), Judge Digges said for the Court:

"A court has the duty, since attorneys are its officers, to insist upon the maintenance of the integrity of the bar and to prevent the transgressions of an individual lawyer from bringing its image into disrepute. Disciplinary procedures have been established for this purpose, not for punishment, but rather as a catharsis for the profession and a prophylactic for the public. *Balliet v. Balto. Co. Bar Ass'n*, 259 Md. 474, 270 A.2d 465 (1970). The administration of justice under our adversary system largely depends upon the public's ability to rely on the honesty of attorneys who are placed in a position of being called upon to conduct the affairs of others both in and out of court." 271 Md. at 549, 318 A.2d at 814.

To like effect see *Attorney Griev. Comm'n v. Mandel*, 294 Md. 560, 586–87, 451 A.2d 910, 923 (1982). Likewise, many times we have quoted from *Ex Parte Brounsall*, 2 Cowp. 829 (1778), what has come to be known as "the Lord Mansfield rule." It is to the effect that in disciplinary proceedings the inquiry is to whether after the conduct of such individual it is proper that he should continue to be a

member of a profession which should stand free from all suspicion. Such proceedings are not by way of punishment, but the Court in such cases exercises its discretion whether a man whom they have formerly admitted to practice is a proper person to be continued on the roll or not. *See, e.g., Attorney Griev. Comm'n v. Nothstein,* 300 Md. 667, 686–87, 480 A.2d 807, 817 (1984); *Mandel,* 294 Md. at 588, 451 A.2d at 923, and *Attorney Griev. Comm'n v. Kerpelman,* 288 Md. 341, 381–82, 420 A.2d 940, 959 (1980), *cert. denied,* 450 U.S. 970, 101 S.Ct. 1492, 67 L.Ed.2d 621 (1981).

We agree with Bar Counsel "that forgery of a judge's name on a court document strikes at the heart of our system of justice." The perpetrator of such an act is not qualified to continue as a member of the Bar of this Court. See *Attorney Griev. Comm'n v. Jacob,* 303 Md. 172, 180–81, 492 A.2d 905, 909 (1985), and cases there cited.

It follows that Bennett must be disbarred.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE BV15 c, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST STANLEY Y. BENNETT.