# IN THE MATTER OF THE PETITION FOR REINSTATEMENT TO THE BAR OF MARYLAND OF MAURICE T. SIEGEL

[Misc. (BV) No. 6, September Term, 1981.]

*Decided November 22, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Joseph F. Murphy, Jr.,* for petitioner.

*Melvin Hirshman,* Bar Counsel, for respondent.

ORDER. SMITH and ELDRIDGE, JJ., dissent. SMITH, J., would have denied readmission. ELDRIDGE, J., filed a dissenting opinion at page 637 *infra.*

O R D E R

The Court having disbarred Maurice T. Siegel on July 14, 1975 following his conviction in the United States District Court for the District of Maryland of the felony of wilful evasion of federal income taxes in violation of 26 U.S.C. § 7201 *(Bar Ass'n of Balto. City v. Siegel,* 275 Md. 521, 340 A.2d 710 (1975)); and

Maurice T. Siegel having filed a petition on April 3, 1981 for reinstatement to the Bar of Maryland, and the petition having been referred by the Court to an Inquiry Panel of the Attorney Grievance Commission; and

The Inquiry Panel having conducted an evidentiary hearing and recommended that the petitioner be reinstated to the Bar of this State upon satisfactory completion of an intensified legal education course in criminal law and procedure, this being the petitioner's specialty prior to his disbarment; and

The Inquiry Panel having also recommended that upon reinstatement the petitioner be supervised in his practice for a period of time, as may be determined by the Court, by other counsel satisfactory to Bar Counsel; and

The Review Board of the Attorney Grievance Commission having concurred in the recommendations of the Inquiry Panel; and

The Court having conducted a hearing upon the petition for reinstatement and been advised that the petitioner is agreeable to the conditions recommended by the Inquiry Panel, and would also agree to limit his practice to the field of criminal law; and

The Court having reviewed the evidence adduced before the Inquiry Panel, and having considered the principles governing readmission to the bar as set forth in *In re*

*Braverman,* 271 Md. 196, 316 A.2d 246 (1974) and *In re Barton,* 291 Md. 61, 432 A.2d 1335 (1981); and

The Court having concluded that the petition for reinstatement should be granted upon satisfactory compliance with the condition precedent recommended by the Inquiry Panel and Review Board, it is this 22nd day of November, 1982,

ORDERED, by the Court of Appeals of Maryland, that action on the petition for reinstatement be deferred pending completion by the petitioner of an intensified legal education course in criminal law and procedure, as may be selected by the petitioner with the approval of Bar Counsel; and it is further

ORDERED that upon satisfactory completion by the petitioner of such intensified legal education course, and notification thereof to this Court, the petitioner will be readmitted to the bar upon the conditions above set forth, subject to further Order of the Court; and it is further

ORDERED that the petitioner pay the costs of these proceedings prior to reinstatement.

Judge Smith would have denied readmission.

*Eldridge, J., dissenting:*

In 1972, upon a plea of nolo contendere, Maurice T. Siegel was convicted in the United States District Court for the District of Maryland on one count of income tax evasion. Two United States Attorneys for the District of Maryland had recommended that the tax prosecution be dropped, but the Department of Justice in Washington overruled the recommendations. One of the United States Attorneys, who is presently the Attorney General of Maryland, called the government's case "very thin" and "weak." Mr. Siegel's attorney in the tax case also believed that the government's case was tenuous, but he recommended that Mr. Siegel plead nolo contendere because of the adverse effect of a trial upon Mr. Siegel's health. A heart specialist was also fearful of the toll on Mr. Siegel's health that might be exacted by a trial. A

detailed account of the tax prosecution, Mr. Siegel's health at the time, and other pertinent extenuating circumstances, is set forth in *Bar Ass'n of Balto. City v. Siegel,* 275 Md. 521, 529-533, 340 A.2d 710, 714-717 (1975) (LEVINE, J., dissenting).

After the conviction in the tax case, a three-judge panel of trial judges recommended to this Court that Mr. Siegel not be disbarred and that his license to practice law be suspended for one year. The recommendation was based upon the extenuating circumstances with regard to the tax conviction.

This Court, by a 4-3 vote after a reargument, rejected the recommendation of the three-judge panel and disbarred Mr. Siegel.[1] The majority, taking an extremely limited view of what extenuating circumstances were relevant in determining the appropriate sanction, refused to consider the mitigating circumstances surrounding Siegel's prosecution, plea and conviction. *Bar Ass'n of Balto. City v. Siegel, supra,* 275 Md. at 527.

The dissenting opinion by Judge Levine, in which Judge Singley and I concurred, took the position that in determining the proper sanction in an attorney disciplinary proceeding, "all mitigating circumstances are relevant." *Bar Ass'n of Balto. City v. Siegel, supra,* 275 Md. at 532. Judge Levine then stated (*id.* at 532):

> "Therefore, the critical point here is the submission of the nolo contendere plea in light of the suspect quality of the tax case. Manifestly, the answer lies in the poor state of the respondent's health. As the bar association counsel observed, it 'denied him his day in court.' In short, but for his health, the respondent would have been afforded a full opportunity to defend against the charges . . . ."

The dissent concluded (*id.* at 533):

---

1. The four-judge majority was composed of three judges of this Court and a judge of the Court of Special Appeals who was specially assigned.

"We held in *Maryland St. Bar Ass'n v. Agnew,* 271 Md. 543, 318 A.2d 811 (1974), that disbarment will follow from conduct such as occurred here absent 'the most compelling extenuating circumstances.' Both the bar association and the three-judge panel thought this was such a case, and so do I. If what we truly meant to say was that a conviction on such charges will automatically and *absolutely* result in disbarment, we should not have included any idle expressions about 'compelling extenuating circumstances.' As I read the majority opinion — in light of the facts here — I sincerely question whether it is realistic to suggest that a state of facts can ever exist which will suffice to avoid disbarment in this kind of case.

"It must now be clear to the respondent that he was confronted with a monumental 'Hobson's choice' when he appeared in the federal court: either run a serious risk of losing his life by going to trial on a case acknowledged by virtually everyone officially associated with it to be a weak one; or face certain disbarment by pleading nolo contendere in reliance upon the sound medical and legal advice which he had received. If what we said in *Agnew* in respect to 'compelling extenuating circumstances' has any vitality at all, that exception applies here. If it does not, as the majority holds, I am at a loss to imagine when it could ever apply.

"I would adopt the carefully considered recommendation of the three-judge panel and suspend the respondent for one year."

I continue to adhere to the views expressed by Judge Levine in the *Siegel* case.

Consequently, because I do not believe that Mr. Siegel should have been disbarred in the first place, I would grant his petition for reinstatement without further delay. Moreover, I would not impose any conditions upon his reinstatement.