*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-BG-607

IN RE VICTOR MBA-JONAS, PETITIONER.

A Suspended Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 452042)

On Report and Recommendation of the
Board on Professional Responsibility
(BDN-19-11)

(Argued April 14, 2015                          Decided July 2, 2015)

*Victor Mba-Jonas*, pro se.

*William R. Ross*, Assistant Bar Counsel, with whom *Wallace E. Shipp, Jr.*, Bar Counsel, *Jennifer P. Lyman*, Senior Assistant Bar Counsel, and *Jelani Lowery*, Senior Staff Attorney, were on the brief, for Bar Counsel.

Before WASHINGTON, *Chief Judge*, BECKWITH, *Associate Judge*, and REID, *Senior Judge*.

PER CURIAM: Having found by clear and convincing evidence that petitioner, Victor Mba-Jonas, failed to satisfy any of the criteria for reinstatement outlined in *In re Roundtree*, 503 A.2d 1215, 1217 (D.C. 1985), the Ad Hoc Hearing Committee ("Hearing Committee") recommended that Mr. Mba-Jonas' petition for reinstatement be denied. The Board on Professional Responsibility

took no exception to the Hearing Committee's recommendation. We accept the Hearing Committee's recommendation.

## I.

The Maryland Court of Appeals indefinitely suspended Mr. Mba-Jonas from the practice of law in Maryland with the right to petition for reinstatement after ninety days. *See Attorney Grievance Comm'n v. Mba-Jonas*, 919 A.2d 669 (Md. 2007) ("*Mba-Jonas I*"). Thereafter, Bar Counsel initiated reciprocal disciplinary proceedings. While that reciprocal proceeding was pending, the Maryland Court of Appeals again suspended Mr. Mba-Jonas indefinitely for additional misconduct, imposing a right to petition for reinstatement after six months. *See Attorney Grievance Comm'n v. Mba-Jonas*, 936 A.2d 839 (Md. 2007) ("*Mba-Jonas II*"). This court consolidated the matters and ultimately imposed identical discipline in both matters, suspending Mr. Mba-Jonas for ninety days with a fitness requirement, as in *Mba-Jonas I*, and six months with a fitness requirement, as in *Mba-Jonas II*.[1]

---

[1] In *Mba-Jonas I* and *Mba-Jonas II*, Mr. Mba-Jonas was disciplined for mismanaging client trust accounts over a substantial period of time and failing to disclose a material fact regarding his past representation of a client to a Maryland

(continued . . .)

**II.**

"In a disciplinary case, this court accepts the [Hearing Committee's] findings of fact unless they are unsupported by substantial evidence of record." *In re Samad*, 51 A.3d 486, 495 (D.C. 2012) (internal quotation marks omitted); *see also* D.C. Bar R. XI, § 9 (h)(1). Furthermore, "[a]lthough we place 'great weight' on the recommendations of the Board and Hearing Committee, this court has the ultimate authority to decide whether to grant a petition for reinstatement." *In re Sabo*, 49 A.3d 1219, 1224 (D.C. 2012) (quoting *In re Bettis*, 644 A.2d 1023, 1027 (D.C. 1994)). However, this court defers to the Hearing Committee's findings of fact because the Hearing Committee is "the only decision-maker which had the opportunity to observe the witnesses and assess their demeanor." *Id.* (internal quotation marks omitted).

A petitioner seeking reinstatement has the burden of proving by clear and convincing evidence that the petitioner "has the moral qualifications, competency, and learning in law required for admission," and that resumption of the practice of

---

(. . . continued)
Bar investigator who was investigating an overdraft of one of Mr. Mba-Jonas' client trust accounts.

law "will not be detrimental to the integrity and standing of the Bar, or to the administration of justice, or subversive to the public interest." D.C. Bar R. XI, § 16 (d). In determining whether a petitioner has carried its burden, this court considers:

> (1) the nature and circumstances of the misconduct for which the attorney was disciplined; (2) whether the attorney recognizes the seriousness of the misconduct; (3) the attorney's conduct since discipline was imposed, including the steps taken to remedy past wrongs and prevent future ones; (4) the attorney's present character; and (5) the attorney's present qualifications and competence to practice law.

*Roundtree*, 503 A.2d at 1217.

Here, the Hearing Committee's findings were substantially supported by the evidence provided and the Hearing Committee properly applied the *Roundtree* factors in determining whether Mr. Mba-Jonas should be reinstated. Furthermore, Mr. Mba-Jonas' contention that the Hearing Committee improperly considered his handling of his personal financial accounts is without merit given that this behavior reflects the very conduct that led to his indefinite suspension. *See In re Robinson*, 705 A.2d 687, 688-89 (D.C. 1988) (recognizing that "in reinstatement cases[,] primary emphasis should be given to matters bearing most closely on the reasons why the attorney was suspended or disbarred in the first place" and declining to disregard petitioner's mismanagement of personal finances because it was

"behavior reminiscent of actions that led to his disbarment"). The fact that the petitioner in *Robinson* was found to have intentionally misappropriated client funds while Mr. Mba-Jonas was found to have been negligent in his misconduct is not dispositive here because, like in *Robinson*, examining Mr. Mba-Jonas' handling of his personal financial affairs was the only means of evaluating whether he could once again be entrusted with client funds. Accordingly, it is

ORDERED that Victor Mba-Jonas' petition for reinstatement is denied. However, pursuant to the Hearing Committee's recommendation, Mr. Mba-Jonas is permitted to submit a new petition for reinstatement immediately after the date of issuance of this opinion.

*So ordered.*