*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 15-BG-983**

IN RE:   TAWANA D. SHEPHARD
                                    Respondent.
**Bar Registration No.   486834**                    **BDN: 179-15**

BEFORE:   Fisher, Associate Judge, and Nebeker and Reid, Senior Judges.

## ORDER
(FILED - December 17, 2015)

On consideration of the certified opinion of the Court of Appeals of Maryland disbarring respondent from the practice of law in that jurisdiction, *see Attorney Grievance Comm'n of Maryland v. Shephard*, 119 A.3d 765 (Md. 2015), this court's September 21, 2015, order directing respondent to show cause why reciprocal discipline should not be imposed, the response of respondent, the statement of Bar Counsel regarding reciprocal discipline, and it appearing that respondent has failed to file the affidavit required by D.C. Bar R. XI, §14 (g), it is

ORDERED that Tawana D. Shephard is hereby disbarred from the practice of law in this jurisdiction. To the extent respondent challenges imposition of reciprocal discipline by attempting to re-litigate the discipline imposed by the state of Maryland, such a challenge is improper in reciprocal disciplinary proceedings, see *In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003) ("Put simply, reciprocal discipline proceedings are not a forum to reargue the foreign discipline."). Further, respondent failed to address in her response to the court's order the additional findings that she had extensively engaged in the unauthorized practice of law in the state of Maryland and why reciprocal discipline should not be imposed based on that finding. It is

FURTHER ORDERED that for purposes of reinstatement respondent's period of disbarment will not begin to run until such time as she files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14 (g).

**PER CURIAM**