*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 16-BG-838

IN RE CHRIS C. YUM, PETITIONER.

A Disbarred Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 424602)

On Report and Recommendation
of the Board of Professional Responsibility
(BDN 67-15)

(Argued May 23, 2017                                    Decided July 12, 2018)

Chris C. Yum, *pro se*.

*William R. Ross*, Assistant Disciplinary Counsel, *Hamilton P. Fox, III*, Disciplinary Counsel, *Jelani Lowery* and *Jennifer P. Lyman*, Senior Assistant Disciplinary Counsels, were on the brief, for respondent.

Before GLICKMAN and BECKWITH, *Associate Judges*, and NEBEKER, *Senior Judge*.

PER CURIAM: On May 12, 2011, petitioner Christopher C. Yum was disbarred by consent following his 2006 conviction for making a false statement in violation of 18 U.S.C. §§ 2, 1001. *In re Yum*, 19 A.3d 367 (D.C. 2011) (per curiam). On June 14, 2015, he filed a petition for reinstatement, which

Disciplinary Counsel opposed. The parties appeared before an Ad Hoc Hearing Committee ("Hearing Committee"), which recommended reinstatement. Disciplinary Counsel took exception to the recommendation, and brought the matter before this court. Following oral argument, we referred the matter to the Board on Professional Responsibility ("Board") for its recommendation as to whether petitioner should be reinstated, and as to evidentiary issues related to Board Rule 9.8. On December 22, 2017, the Board issued a report recommending denial of the petition. For the reasons that follow, we deny the petition.

"Although we place great weight on the recommendations of the Board and Hearing Committee, this court has the ultimate authority to decide whether to grant a petition for reinstatement." *In re Sabo*, 49 A.3d 1219, 1224 (D.C. 2012) (quotation and citation omitted). A petitioner seeking reinstatement must prove by clear and convincing evidence "(a) [t]hat the attorney has the moral qualifications, competency, and learning in law required for readmission[,] and (b) [t]hat the resumption of the practice of law by the attorney will not be detrimental to the integrity and standing of the Bar, or to the administration of justice, or subversive to the public interest." D.C. Bar R. XI, § 16 (d)(1); *In re Mance*, 171 A.3d 1133, 1136 (D.C. 2017). We consider the following "*Roundtree* factors" in determining

whether a petitioner has made these required showings: (1) the nature and circumstances of the misconduct for which the attorney was disciplined; (2) whether the attorney recognizes the seriousness of the misconduct; (3) the attorney's conduct since discipline was imposed, including the steps taken to remedy past wrongs and prevent future ones; (4) the attorney's present character; and (5) the attorney's present qualifications and competence to practice law. *In re Roundtree*, 503 A.2d 1215, 1217 (D.C. 1985).

The first *Roundtree* factor is "of primary importance in considering the petition for reinstatement." *In re Bettis*, 644 A.2d 1023, 1028 (D.C. 1994). Here, petitioner acknowledges the seriousness of remaining willfully blind to a false statement in an INS application submitted on behalf of a client. We apply "heightened scrutiny" to the other *Roundtree* factors where, as here, petitioner's misconduct "is so closely bound up with [his] role and responsibilities as an attorney." *See Sabo*, 49 A.3d at 1224; *In re Borders*, 665 A.2d 1381, 1382 (D.C. 1995) (quotation omitted). Because the Hearing Committee heard petitioner testify, we, like the Board, accept its conclusion that he is genuinely remorseful and recognizes the seriousness of his misconduct. Nevertheless, when viewed with heightened scrutiny, the fourth and fifth *Roundtree* factors counsel against

reinstatement and lead us to conclude that petitioner has failed to prove his fitness.[1]

"Under the fourth *Roundtree* factor, a petitioner is required to prove that those traits that led to disbarment no longer exist and, indeed, that he is a changed individual having full appreciation of the wrongfulness of his conduct and a new determination to adhere to the high standards of integrity and legal competence which the Court requires." *Sabo*, 49 A.3d at 1232 (quotation omitted). In support of this factor, petitioner testified to his reflections about his misconduct and presented two character witnesses. The Hearing Committee viewed petitioner's testimony as "demonstrat[ing] that he is a changed individual," but accorded little weight to the character witnesses, finding that neither witness knew the details of his misconduct. The Board found the evidence on this factor to be lacking, citing the witnesses' unfamiliarity with the misconduct. In his brief, petitioner contends that the witnesses' testimony demonstrates their familiarity with his misconduct, and therefore deserves significant weight.

A petitioner is "expected to put on live witnesses familiar with the

---

[1] We find that petitioner's post-discipline conduct weighs against reinstatement, but focus our analysis on the fourth and fifth *Roundtree* factors, which are stronger determinants of our judgment.

underlying misconduct who can provide credible evidence of petitioner's present good character." *Sabo*, 49 A.3d at 1232 (quotation and alteration omitted). We concur with the Hearing Committee and Board that petitioner's witnesses were unfamiliar with the details of his misconduct.[2] Although petitioner provided assurances of his new character, he offered no examples of post-discipline conduct from which his personal growth can be reasonably inferred. Applying heightened scrutiny, we deem the lack of evidence regarding petitioner's present character to weigh against reinstatement. *See, e.g., In re Tinsley*, 668 A.2d 833, 838 (D.C. 1995) (per curiam) (appending Board report) (petitioner failed to prove his present good character where his two character witnesses lacked substantial knowledge regarding his misconduct).

As to the fifth *Roundtree* factor, the Hearing Committee found that petitioner established his present qualifications and competence to practice law because he attended a D.C. Bar course, adequately represented himself in these reinstatement proceedings, and worked as a law clerk, translator, and document

---

[2] Mr. Yi believed that petitioner's misconduct related to attorney's fees. Ms. Osnos testified that petitioner's misconduct arose from "miscommunications" with a client and, later in the hearing, petitioner conceded that she did not know "the details" of his conviction.

reviewer after his disbarment. The Board cited petitioner's failure to explain whether his work required legal analysis or call witnesses who could testify to his competence in the work he described.

A petitioner's post-disbarment legal work may demonstrate his competence to practice. *See, e.g., Bettis*, 644 A.2d at 1030 (petitioner established his competence where he "worked as a law clerk . . . and improved his legal research and writing skills"). However, like the Board, we deem significant petitioner's failure to explain whether his post-disbarment work required legal analysis or otherwise improved his legal knowledge or skills. *See, e.g., Tinsley*, 668 A.2d at 838 (appending Board report) (petitioner failed to demonstrate his competence where he provided no details concerning his legal teaching experiences). Nor did petitioner call witnesses who could testify to the quality or nature of his work. *See, e.g., In re Stanton*, 589 A.2d 425, 427 (D.C. 1991) (per curiam) (petitioner failed to prove his competence where no supervisory lawyer testified to his work). Applying heightened scrutiny, we find that the remaining evidence is too meager to establish his competence to practice, and therefore conclude that this *Roundtree* factor weighs against reinstatement.

For these reasons,[3] the petition for reinstatement is denied.

*So ordered.*

---

[3] Given our disposition, we need not address whether the Hearing Committee should have considered the additional unfavorable evidence, proffered by Disciplinary Counsel, related to petitioner's conviction.