*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 21-BG-88

IN RE CHARLES C. AGWUMEZIE, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 990751)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee
Approving Petition for Negotiated Discipline
(DDNs 174-18 & 89-19)

(Decided: February 3, 2022)

Before BECKWITH and EASTERLY, *Associate Judges*, and FISHER, *Senior Judge*.

PER CURIAM: "An opinion imposing negotiated discipline may not be cited as precedent in contested-discipline cases except as provided in" D.C. App. R. 28(g). *See* D.C. Bar R. XI, § 12.1(d). This opinion may, however, be cited as precedent in negotiated-discipline cases.

This appeal presents issues very similar to those that were recently addressed by this court in *In re Mensah*, 262 A.3d 1100 (D.C. 2021). Although we consider Respondent's misconduct to be more extensive than Mensah's, and do not forget our

holding that "in virtually all cases of [intentional or reckless] misappropriation, disbarment will be the only appropriate sanction," *In re Addams*, 579 A.2d 190, 191 (D.C. 1990) (en banc), we approve the petition for negotiated discipline and impose a three-year suspension with a requirement that Respondent demonstrate his fitness to practice law before he may be reinstated.

Disciplinary Counsel and Respondent Charles Agwumezie filed an amended petition for negotiated discipline wherein Respondent admitted that he recklessly misappropriated entrusted client funds and violated D.C. R. Prof. Conduct 1.5(b) (written statement of fees, scope of representation, and expenses), 1.7(b)(4) (conflict of interest), 1.15(a) (commingling, reckless misappropriation, and record-keeping), 8.1(b) (knowingly failing to respond reasonably to Disciplinary Counsel's lawful demands for information), and 8.4(d) (serious interference with the administration of justice). Respondent and Disciplinary Counsel agreed to the proposed three-year suspension with a fitness requirement.

The Committee reviewed the petition as required by D.C. Bar R. XI, § 12.1. It highlighted, among other things, Respondent's lack of prior discipline; the fact that no client or third party had complained to the Office of Disciplinary Counsel; and Disciplinary Counsel's determinations that: (1) "the evidence supports the conclusion that Respondent's misappropriations were not dishonest and did not

involve improper gains," (2) it "could not show that Respondent had retained or failed to return the funds owed to clients or third parties," and (3) Respondent had "taken remedial measures by attending a practice management class and by adopting accounting procedures to keep better track of funds in his trust account."

The parties agreed that "these 'usual' mitigating circumstances" would be "unlikely to overcome the presumption of disbarment for reckless misappropriation in a contested matter." Nevertheless, they submitted that a three-year suspension with a fitness requirement "provide[d] the parties a certain outcome without the need for a prolonged and expensive adjudicative process." The Committee emphasized that the agreed-upon sanction was "the most serious sanction other than disbarment, and the fitness requirement protects the public, the courts, and the integrity of the profession by ensuring that Respondent will not resume the practice of law in the District of Columbia until the Court determines that he is fit to do so." The Committee concluded that the negotiated discipline was justified and not unduly lenient and recommended that the court impose it.

Upon receipt of the Committee's Report and Recommendation, this court requested the views of the Board on the appropriateness of the proposed sanction. *See* D.C. Bar R. XI, § 12.1(d). The Board filed its own Report and Recommendation acknowledging that "there is no question whether the stipulated misconduct would

warrant disbarment in a contested case[;] it would." Nevertheless, a majority of the Board opined that "Respondent's willingness to immediately accept a sanction — the most severe sanction saved for disbarment — that may very well result in him never practicing law again is substantial mitigation," and further that "acceptance of the proposed disposition reflects sound policy as it presents the combined benefits of more quickly removing Respondent from practice while conserving disciplinary resources." The Board majority concluded that the proposed sanction was "justified" under the circumstances and recommended that we approve the petition for negotiated discipline.[1]

If the Committee recommends approval of a petition for negotiated discipline, this court reviews "in accordance with its procedures for the imposition of uncontested discipline." D.C. Bar R. XI, § 12.1(d). Under those procedures, "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." D.C. Bar R. XI, § 9(h)(2). "This rule is not absolute — we would not impose discipline that is clearly against the law or the public interest, for

---

[1] The dissenters thought that Respondent's misconduct was too serious to permit a sanction less than disbarment. We agree that the nature and seriousness of the misconduct must be considered when determining whether the proposed sanction is justified. Those factors must be considered again if Respondent seeks reinstatement. *See In re Yum*, 187 A.3d 1289, 1292 (D.C. 2018).

example, merely because no party took exception to it . . . ." *In re Stephens*, 247 A.3d 698, 701 (D.C. 2021) (per curiam). Nevertheless, if "there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential." *In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) (per curiam).

As numerous opinions illustrate, the procedures for imposing attorney discipline in contested matters can be very lengthy and costly to both sides. Such lengthy delay does not serve the interests of anyone — clients, respondents, or the public at large. In 2008, this court established procedures to govern negotiated discipline. D.C. Bar R. XI, § 12.1. This new process, which did not exist when *Addams* was decided, was intended "to encourage efficient and timely resolution of attorney-discipline matters." *In re Mensah*, 262 A.3d at 1103. We will not reiterate the considerations that persuaded us to allow more flexibility with respect to sanction in *Mensah*, except to recognize once again "the mitigating nature of an attorney's willingness to acknowledge misconduct and accept an appropriate sanction." *Id*. at 1104.

In *Mensah* we held that the negotiated discipline process provides flexibility that "may in certain circumstances permit a sanction of less than disbarment in negotiated-discipline cases involving reckless misappropriation." *Mensah*, 262

A.3d at 1105. For the reasons stated by the Committee and the Board, we determine that the proposed sanction is justified under the circumstances of this case. We do not suggest, however, that a sanction short of disbarment for reckless misappropriation will always be justified in a case of negotiated discipline.

Accordingly, it is

ORDERED that Respondent Charles C. Agwumezie is hereby suspended from the practice of law in the District of Columbia for three years with reinstatement conditioned on his demonstrating fitness to practice law. We direct Respondent's attention to the provisions of D.C. Bar R. XI, § 14(g); he will not be eligible to apply for reinstatement until three years after he files an affidavit that complies with D.C. Bar R. XI, § 16 and Board Rule 9.

*So ordered.*