*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 22-BG-420

IN RE JOEL D. JOSEPH, RESPONDENT.

A Disbarred Member of the Bar
of the District of Columbia
(Bar Registration No. 183830)

On Report and Recommendation
of Hearing Committee Number Six
(Disciplinary Docket No. 2021-D104)
(Board Docket No. 21-BD-029)

(Argued December 13, 2022                    Decided January 19, 2023)

*Joel D. Joseph*, pro se.

*William R. Ross*, Assistant Disciplinary Counsel, with whom *Hamilton P. Fox, III*, Disciplinary Counsel, was on the brief, for the Office of Disciplinary Counsel.

Before BLACKBURNE-RIGSBY, *Chief Judge*, and DEAHL and ALIKHAN, *Associate Judges*.

PER CURIAM: The Court of Appeals of Maryland disbarred Joel D. Joseph in 2011 after he misrepresented his residency in applications for pro hac vice admission in California state and federal court. Our court reciprocally disbarred him in 2015. Mr. Joseph now petitions for reinstatement in our bar. We adopt the Hearing Committee's recommendation and deny his petition.

## I.     The Process for Seeking Reinstatement in the D.C. Bar

An attorney who has been disbarred in the District of Columbia may seek reinstatement after "five years from the effective date of the disbarment." D.C. Bar. R. XI, § 16(a). The disbarred attorney initiates the process by filing a petition with the Executive Attorney of the D.C. Board on Professional Responsibility alleging his eligibility and fitness to be reinstated. *Id.* § 16(d); Board Prof. Resp. R. 9.1(c). The Board then refers the petition to the Office of Disciplinary Counsel, which conducts an investigation and determines whether it will contest the petition. D.C. Bar. R. XI, § 16(e); *see* Board Prof. Resp. R. 9.5.[1]

If Disciplinary Counsel does not contest the petition, it submits a report to this court stating "why [it] is satisfied that the attorney meets the criteria for reinstatement," accompanied by the reinstatement petition and the court order that disbarred the attorney. D.C. Bar. R. XI, § 16(e); Board Prof. Resp. R. 9.6(a). We then grant the petition, deny the petition, or request a recommendation from the Board concerning reinstatement. D.C. Bar. R. XI, § 16(e); *see In re Sabo*, 49 A.3d 1219, 1222 (D.C. 2012) (describing the process for an uncontested petition).

---

[1] The Board, either sua sponte or on the recommendation of Disciplinary Counsel, can dismiss the petition if "the attorney is not eligible for reinstatement" or if "the petition is insufficient or defective on its face." D.C. Bar. R. XI, § 16(d)(1); *see* Board Prof. Resp. R. 9.4.

If Disciplinary Counsel contests the petition, the Executive Attorney schedules a hearing at which the attorney seeking reinstatement must show by "clear and convincing evidence" that he "has the moral qualifications, competency, and learning in law required for readmission," and that his "resumption of the practice of law . . . will not be detrimental to the integrity and standing of the Bar, or to the administration of justice, or subversive to the public interest." D.C. Bar. R. XI, § 16(d)(1). To determine whether an attorney meets those requirements, the Hearing Committee considers "(1) the nature and circumstances of the misconduct for which the attorney was disciplined; (2) whether the attorney recognizes the seriousness of the misconduct"; (3) the attorney's post-discipline conduct, "including the steps taken to remedy past wrongs and prevent future ones; (4) the attorney's present character; and (5) the attorney's present qualifications and competence to practice law." *In re Roundtree*, 503 A.2d 1215, 1217 (D.C. 1985). These are known as the "*Roundtree* factors."

The Hearing Committee then submits its findings of fact and recommendation on the petition to this court, D.C. Bar. R. XI, § 16(d)(2); *see* Board Prof. Resp. R. 9.7(e), and we "schedule the matter for consideration," D.C. Bar. R. XI,

§ 16(d)(2).[2] We apply the same test as the Hearing Committee and determine, using the *Roundtree* factors, whether the petitioner has carried his burden of proving by clear and convincing evidence that reinstatement is warranted under D.C. Bar R. XI, § 16(d)(1). In so doing, we defer to the Hearing Committee's findings "unless they are unsupported by substantial evidence [in the] record." *In re Mba-Jonas*, 118 A.3d 785, 787 (D.C. 2015) (per curiam) (quoting *In re Samid*, 51 A.3d 486, 495 (D.C. 2012)). And while the ultimate decision on the petition rests "entirely with this court," we place "great weight" on the Hearing Committee's recommendation. *In re Sabo*, 49 A.3d at 1224 (internal quotation marks omitted).

## II. Factual Background and Procedural History

In 2007, Mr. Joseph sought pro hac vice admission in both California state and federal court. In his applications, he stated, under penalty of perjury, that he lived in Maryland when he actually lived in California. *Att'y Grievance Comm'n of Md. v. Joseph*, 31 A.3d 137, 139-40 (Md. 2011). The Maryland Attorney Grievance Commission initiated disciplinary proceedings against Mr. Joseph for these misrepresentations. *Id.* In 2011, the Maryland Court of Appeals disbarred him after concluding that he had violated multiple Maryland Rules of Professional Conduct and that his behavior "lacked candor, was dishonest, misleading, prejudicial to the

---

[2] As with an uncontested petition, at our discretion, we may ask the Board for its recommendation on the petition. D.C. Bar. R. XI, § 16(d)(2).

administration of justice, and beyond excuse." *Id.* at 159. Our court, in turn, imposed reciprocal discipline and disbarred Mr. Joseph from the practice of law in the District of Columbia in 2015. *In re Joseph*, 128 A.3d 643, 643-44 (D.C. 2015) (per curiam).

In 2021, Mr. Joseph filed a petition for reinstatement in the D.C. Bar, which he later revised. Disciplinary Counsel moved to dismiss the revised petition, arguing that Mr. Joseph had failed to "allege material facts specifically addressing the *Roundtree* factors," but the Board denied the motion. Disciplinary Counsel then opposed Mr. Joseph's petition, rendering it a "contested petition" under D.C. Bar. R. XI, § 16(d). The Board's Hearing Committee Number Six convened for a hearing on the petition in February 2022. After considering the testimony and exhibits presented, the Hearing Committee filed a comprehensive report and recommended that our court deny the petition because Mr. Joseph had not satisfied the fitness qualifications as set forth in D.C. Bar. R. XI, § 16(d)(1)(a) and in *In re Roundtree*. Mr. Joseph filed exceptions to the Hearing Committee's report and recommendation, and he briefed and argued the case before our court.

### III.    Discussion

We adopt the Hearing Committee's findings of fact and conclude that Mr. Joseph has not shown, under D.C. Bar. R. XI, § 16(d) and the *Roundtree* factors, that he should be reinstated.  We address each *Roundtree* factor in turn.

First, we consider the nature and circumstances of Mr. Joseph's misconduct. *In re Roundtree*, 503 A.2d at 1217.  When misconduct is "closely bound up with [a petitioner's] role and responsibilities as an attorney," we "apply heightened scrutiny" to the other *Roundtree* factors.  *In re Yum*, 187 A.3d 1289, 1292 (D.C. 2018) (internal quotation marks omitted).  Mr. Joseph was disbarred for misrepresenting himself in applications for pro hac vice admission in California state and federal court.  The Hearing Committee found that Mr. Joseph had lied about his residency under penalty of perjury and had made knowingly false statements to the California Bar, to California courts, and to those sponsoring his pro hac vice applications—findings that are supported by substantial evidence in the record. *Joseph*, 31 A.3d at 148-49.  The Hearing Committee considered this conduct "serious and troubling" because it directly related to Mr. Joseph's "honesty, integrity, and judgment—foundational qualities in the practice of law."  We agree and accordingly view the remaining *Roundtree* factors with heightened scrutiny.

Second, Mr. Joseph has not provided "examples of post-discipline conduct from which his personal growth can be reasonably inferred." *In re Yum*, 187 A.3d at 1292; *see In re Roundtree*, 503 A.2d at 1217. In fact, the record is quite to the contrary. After his disbarment, Mr. Joseph filed vexatious lawsuits, including two against the California Bar after he failed the state's bar exam. *See, e.g.*, *Joseph v. CVS Pharmacy, Inc.*, No. B288641, 2019 WL 2498400, at *2 (Cal. Ct. App. June 17, 2019) (declining to review the trial court's "declar[ation that] Joseph was a vexatious litigant"); *Joseph v. Nordstrom, Inc.*, No. 16-2252, 2016 WL 10988675, at *1 (C.D. Cal. Nov. 10, 2016) (denying Mr. Joseph's fourth motion for being "just as implausible" as his first motion and forbidding additional motions); *Joseph v. State Bar of Cal.*, No. B221236, 2010 WL 3566643, at *1 (Cal. Ct. App. Sept. 15, 2010) (affirming the trial court's conclusion that it lacked jurisdiction over Mr. Joseph's claim that he was unfairly graded by California bar examiners and noting "distaste of his inflammatory and unsubstantiated comments"). He also continued to make false or misleading statements, including representing to the U.S. Court of Appeals for the D.C. Circuit that he was in good standing with our court despite knowing that he had not been reinstated. Most troublingly, Mr. Joseph held himself out as an attorney and represented a couple, Robert Francis and Marta Ortega, in a legal matter in Ohio while not authorized to practice law in either

California or Ohio.[3] Mr. Francis then filed a complaint for the unauthorized practice of law with the D.C. Office of Disciplinary Counsel. Disciplinary Counsel dismissed the petition only because Mr. Joseph "ha[d] already received the most severe discipline that can be imposed against an attorney"—disbarment—and it noted that Mr. Joseph would need to address the alleged misconduct if he were to seek reinstatement. That time has come. In the District of Columbia, a person who holds himself out as authorized to practice law when he is not a member of the bar engages in the unauthorized practice of law and may be subject to civil contempt proceedings. D.C. App. R. 49(a), (e)(1); *see In re Banks*, 805 A.2d 990, 995 (D.C. 2002). The fact that Mr. Joseph's misconduct occurred outside of the District does not lessen its severity as we consider his petition for reinstatement. We thus agree with the Hearing Committee that Mr. Joseph has not demonstrated the requisite personal growth under this *Roundtree* factor.

Third, Mr. Joseph does not recognize the seriousness of his misconduct. *In re Roundtree*, 503 A.2d at 1217. Instead, he disputes the conduct for which he was disbarred in Maryland, ignoring our warning that reciprocal-discipline proceedings

---

[3] At oral argument, Mr. Joseph claimed that he had never held himself out as an attorney to the couple who had hired him. But he testified before the Hearing Committee that he had told the couple, "I am an attorney." This inconsistency leaves us with little confidence in Mr. Joseph's candor.

are not a forum to relitigate the foreign discipline. *In re Joseph*, 128 A.3d at 643-44. To be sure, "requiring admission of guilt and repentance" when a petitioner earnestly believes that he is innocent would "create a cruel quandary." *In re Sabo*, 49 A.3d at 1226 (alterations omitted). But a "claim of innocence will not relieve [a] petitioner of his . . . burden to demonstrate recognition of the seriousness of the misconduct." *Id.* He may do so and "at the same time, deny his culpability." *Id.* For example, we reinstated a disbarred attorney who had accepted responsibility for his role in a "chain of events leading to his conviction" but maintained his innocence of the crime at issue. *Id.* at 1227 (citing *In re Spilman*, 104 P.3d 576, 579 (Okla. 2004) (allowing reinstatement after a petitioner acknowledged that her actions gave the appearance of "serious impropriety")). Mr. Joseph has done nothing of the sort. His failure to acknowledge his long disciplinary record and, at the very least, the appearance of serious dishonesty is a "predictor of [his] future conduct." *In re Reynolds*, 867 A.2d 977, 984 (D.C. 2005) (per curiam). This denial weighs against his reinstatement. *In re Roundtree*, 503 A.2d at 1217.

Fourth, Mr. Joseph has not shown that the "traits which led to [his] disbarment no longer exist." *In re Brown*, 617 A.2d 194, 197 n.11 (D.C. 1992) (quoting *In re Barton*, 432 A.2d 1335, 1336 (Md. 1981)). Mr. Joseph did not put on any "live witnesses familiar with the underlying conduct who c[ould] provide credible evidence of [his] present good character." *In re Yum*, 187 A.3d at 1292 (quoting *In*

*re Sabo*, 49 A.3d at 1232). Instead, he submitted an undated Corporate Counsel Award Certificate that says nothing about his character, a letter from former New Jersey Congressman Andrew Maguire dated before his disbarment in the District of Columbia, and letters from Reverend Jesse Jackson and California legislator Brian Jones that do not address his present character or the nature of his disciplinary infractions. We agree with the Hearing Committee that these materials do not "suggest any meaningful understanding of the serious ethical problems that led to [Mr. Joseph's] disbarment."

Fifth and finally, Mr. Joseph must demonstrate his present qualifications and competence to practice law. *In re Roundtree*, 503 A.2d at 1217. Mr. Joseph has established, through the books and articles he has authored, that he is intellectually curious and stays abreast of developments in the law. *See In re Harrison*, 511 A.2d 16, 19 (D.C. 1986) (finding petitioner competent where he presented evidence that he had kept up with developments in the law by reading and maintaining professional contacts). However, we also consider his arguments and written submissions before the Hearing Committee and before this court. *In re Stanton*, 860 A.2d 369, 384 (D.C. 2004). Mr. Joseph did not address the *Roundtree* factors before the Hearing Committee or before our court, choosing to argue instead that he was "disbarred wrongfully" and that "the finding that [he] was vexatious was erroneous." "[R]eiteration of arguments that have already been rejected many times by the Court

suggest[s] a lack of judgment and competence." *Id.* But even if the evidence about Mr. Joseph's competence all pointed in one direction, it would not overcome his failure to satisfy the other *Roundtree* factors.

## IV. Conclusion

For the foregoing reasons, we deny Mr. Joseph's petition for reinstatement.

*So ordered.*